UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80185-Marra/McCabe

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1957
18 U.S.C. § 1028A

UNITED STATES OF AMERICA

v.

JA'KEVIOUS RI'SHAAD VICKERS,
NAIM W. KAHOOK,
    a/k/a "Nut," and
GREGORY ASHLEY, JR.,

    Defendants.
_____/

FILED BY ___SP___ D.C.

Oct 5, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendants **JA'KEVIOUS RI'SHAAD VICKERS, NAIM W. KAHOOK, a/k/a "Nut," and GREGORY ASHLEY, JR.** were residents of Palm Beach County, Florida.

2. SunTrust Bank ("SunTrust") was a financial institution with offices located in the Southern District of Florida who accounts were insured by the Federal Deposit Insurance Corporation ("FDIC"). SunTrust is now known as Truist Bank ("Truist").

3. PNC Bank ("PNC") was a financial institution with offices located in the Southern District of Florida whose accounts were insured by the FDIC.

4. JP Morgan Chase Bank ("Chase") was a financial institution with offices located in the Southern District of Florida whose accounts were insured by the FDIC.

5. Wells Fargo Bank ("Wells Fargo") was a financial institution with offices located in the Southern District of Florida whose accounts were insured by the FDIC.

6. Bank of America was a financial institution with offices located in the Southern District of Florida whose accounts were insured by the FDIC.

7. Defendant **JA'KEVIOUS RI'SHAAD VICKERS** and his businesses, including Vick Tuff Records, had bank accounts with Chase and Truist banks.

8. Corporation 1 was a company that had a checking account at Truist Bank.

9. The national office for Corporation 1 was located in Tennessee. Corporation 1 was a company that provided services including transportation.

10. Corporation 2 was a company that had a checking account at Bank of America.

11. Corporation 2 was located in Texas. Corporation 2 was a company that provided medical services.

12. Corporation 3 was a company that had a checking account at Truist Bank.

13. Corporation 3 was located in Florida. Corporation 3 was a company that provided construction services.

## COUNT 1
### Conspiracy To Commit Bank Fraud
### (18 U.S.C. § 1349)

1. Paragraphs 1-13 of the General Allegations section of this Indictment are re-alleged and incorporated fully herein by reference.

2. From on or about November 23, 2021, and continuing through on or about June 24, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**JA'KEVIOUS RI'SHAAD VICKERS,
NAIM W. KAHOOK,
a/k/a "Nut,"
and
GREGORY ASHLEY, JR.**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly, and with the intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice employed a material falsehood, and to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

**PURPOSE OF THE CONSPIRACY**

3.  It was the purpose of the conspiracy for the defendants **JA'KEVIOUS RI'SHAAD VICKERS, NAIM W. KAHOOK, a/k/a "Nut," GREGORY ASHLEY, JR.** and their co-conspirators to unlawfully enrich themselves by depositing, causing to be deposited, and attempting to deposit false and fraudulent checks into accounts that the defendants and their co-conspirators controlled and/or accessed at various financial institutions, and withdrawing the funds for their own personal use.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which **JA'KEVIOUS RI'SHAAD VICKERS, NAIM W. KAHOOK, a/k/a "Nut," GREGORY ASHLEY, JR.,** and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4.  One or more members of the conspiracy obtained fully drafted checks drawn on bank accounts of other persons and corporations and made out to third parties.

5.  One or more members of the conspiracy modified those checks to contain false and fraudulent information, including the payee.

6.  One or more members of the conspiracy used bank accounts so that the false and fraudulent checks could be deposited into those accounts.

7.  One or more members of the conspiracy shared personal identification information, including names, dates of birth, addresses, and bank account details, in order to deposit the false and fraudulent checks.

8.  One or more members of the conspiracy deposited and attempted to deposit the false and fraudulent checks into bank accounts they controlled.

9.  After the false and fraudulent checks had been deposited, one or more members of the conspiracy and their co-conspirators accessed the bank accounts to withdraw, wire, and transfer funds obtained from depositing the false and fraudulent checks.

10. **JA'KEVIOUS RI'SHAAD VICKERS**, **NAIM W. KAHOOK**, a/k/a "Nut," **GREGORY ASHLEY, JR.**, and their co-conspirators used the proceeds they obtained from depositing the false and fraudulent checks for their own personal benefit.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-9
### Bank Fraud
### (U.S.C. § 1344)

1.  Paragraphs 1-13 of the General Allegations section of this Indictment are re-alleged and incorporated fully herein by reference.

4

2. From on or about November 23, 2021, and continuing through on or about July 18, 2023, in Palm Beach County, in the Southern District of Florida, the defendants,

**JA'KEVIOUS RI'SHAAD VICKERS
and
GREGORY ASHLEY, JR.,**

did knowingly, and with the intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain any of the moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose and object of the scheme and artifice for **JA'KEVIOUS RI'SHAAD VICKERS** and **GREGORY ASHLEY, JR.** to unlawfully enrich themselves by depositing, causing to be deposited, and attempting to deposit false and fraudulent checks into accounts that the defendants and their accomplices controlled and accessed at various financial institutions, and to withdraw the deposited funds for their own personal use.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which **JA'KEVIOUS RI'SHAAD VICKERS** and **GREGORY ASHLEY, JR.** sought to accomplish the objects and purpose of the scheme and artifice included, among other things:

4. **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices obtained fully drafted checks drawn on bank accounts of other persons and corporations and made out to third parties.

5. **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices modified those checks to contain false and fraudulent information, including the payee.

6. **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices used bank accounts so that the false and fraudulent checks could be deposited into those accounts.

7. **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices shared personal identification information, including names, dates of birth, addresses, and bank account details, in order to deposit the false and fraudulent checks.

8. **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices deposited and attempted to deposit the false and fraudulent checks into bank accounts they controlled.

9. After the false and fraudulent checks had been deposited, **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices accessed the bank accounts to withdraw, wire, and transfer funds obtained from depositing the false and fraudulent checks.

10. **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices used the proceeds they obtained from depositing the false and fraudulent checks for their own personal benefit.

### EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about the dates indicated as to each count below, **JA'KEVIOUS RI'SHAAD VICKERS** and his accomplices did execute, cause the execution of, and attempt to execute the above-described scheme and artifice to defraud, as more particularly described below:

| Count | Defendant(s) | Approximate Date | Execution |
|---|---|---|---|
| 2 | **JA'KEVIOUS RI'SHAAD VICKERS** | November 23, 2021 | Deposit of check number 1909 in the approximate amount of $7,850, drawn against the PNC Bank account of "C.K." |

| Count | Defendant(s) | Approximate Date | Execution |
|---|---|---|---|
| 3 | JA'KEVIOUS RI'SHAAD VICKERS | December 16, 2021 | Deposit of check number 054332 in the approximate amount of $19,500, drawn against the Bank of America account of Corporation 2. |
| 4 | JA'KEVIOUS RI'SHAAD VICKERS | December 16, 2021 | Deposit of check number 054333 in the approximate amount of $19,450, drawn against the Bank of America account of Corporation 2. |
| 5 | JA'KEVIOUS RI'SHAAD VICKERS, and GREGORY ASHLEY, JR. | June 23, 2022 | Deposit of check number ending in 9550 in the approximate amount of $87,215, drawn against the Truist Bank account of Corporation 1. |
| 6 | JA'KEVIOUS RI'SHAAD VICKERS and GREGORY ASHLEY, JR. | June 24, 2022 | Wire transfer in the approximate amount of $7,000 from a Truist Bank account to Truist Bank account ending in #5949, an account controlled by **JA'KEVIOUS RI'SHAAD VICKERS**. |
| 7 | JA'KEVIOUS RI'SHAAD VICKERS and GREGORY ASHLEY, JR. | June 24, 2022 | Wire transfer in the approximate amount of $9,800 from a Truist Bank account to Truist Bank account ending in #5949, an account controlled by **JA'KEVIOUS RI'SHAAD VICKERS**. |

| Count | Defendant(s) | Approximate Date | Execution |
|---|---|---|---|
| 8 | JA'KEVIOUS RI'SHAAD VICKERS and GREGORY ASHLEY, JR. | June 24, 2022 | Wire transfer in the approximate amount of $9,800 from a Truist Bank account to Truist Bank account ending in #5949, an account controlled by JA'KEVIOUS RI'SHAAD VICKERS. |
| 9 | JA'KEVIOUS RI'SHAAD VICKERS | July 18, 2023 | Deposit of check number 3012 in the approximate amount of $201,108.36 drawn against the Truist Bank account of Corporation 3. |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and Title 18, United States Code, Section 2.

## COUNT 10
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

1. Paragraphs 1-13 of the General Allegations section of this Indictment are re-alleged and incorporated fully herein by reference.

2. On or about the date specified below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**JA'KEVIOUS RI'SHAAD VICKERS,**

did knowingly engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some

form of unlawful activity, that is, bank fraud, pursuant to Title 18, United States Code, Sections 1344(1) and (2):

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 10 | December 17, 2021 | Wire transfer in the approximate amount of $17,300 from Wells Fargo Bank account ending in #9804 to Chase Bank account ending in #1596, an account controlled by **JA'KEVIOUS RI'SHAAD VICKERS**. |

In violation of Title 18, United States Code, Sections 1957 and 2.

### COUNTS 11-12
### Aggravated Identity Theft
### (18 U.S.C. §1028A)

On or about the dates specified below, in Palm Beach County, in the Southern District of Florida, the defendant,

**JA'KEVIOUS RI'SHAAD VICKERS,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, that is, bank fraud, as charged in Count 5 and Count 9, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as set forth in each count below:

| Count | Approximate Date | Means of Identification |
|---|---|---|
| 11 | June 23, 2022 | The name and signature belonging to C.C. |
| 12 | July 18, 2023 | The name and signature belonging to R.W. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain

property in which the defendants, **JA'KEVIOUS RI'SHAAD VICKERS**, **NAIM W. KAHOOK, a/k/a "Nut,"** and **GREGORY ASHLEY, JR.** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349 or 1344, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

*Anthony W. Lacosta for*
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 23-cr-80185-Marra/McCabe

v.

JA'KEVIOUS RI'SHAAD VICKERS,
et al.
_____/

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)
- ☐ Miami    ☐ Key West    ☐ FTP
- ☐ FTL      ■ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect: _____

4. This case will take  3-5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I   ■ 0 to  5 days                  ☐ Petty
   II  ☐ 6 to 10 days                  ☐ Minor
   III ☐ 11 to 20 days                 ☐ Misdemeanor
   IV  ☐ 21 to 60 days                 ■ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____/s/ Marton Gyires_____
MARTON GYIRES
MARTON GYIRES
Florida Bar No./Court No. A5501696

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JA'KEVIOUS RI'SHAAD VICKERS

**Case No:** 23-cr-80185-Marra/McCabe

Count #: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 30 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $1,000,000**

Count #: 2-9

Bank Fraud

Title 18, United States Code, Section 1344
* **Max. Term of Imprisonment: 30 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $1,000,000**

Count #: 10

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice the amount of the criminally derived property involved in the transaction, whichever is greater**

Count #: 11-12

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)
* **Max. Term of Imprisonment: mandatory consecutive 2 years' imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): mandatory consecutive 2 years' imprisonment**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __NAIM W. KAHOOK, a/k/a "Nut"__

Case No: __23-cr-80185-Marra/McCabe__

Count #: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: 30 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $1,000,000

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GREGORY ASHLEY, JR.

**Case No:** 23-cr-80185-Marra/McCabe

Count #: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: 30 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $1,000,000

Count #: 5-8

Bank Fraud

Title 18, United States Code, Section 1344
* Max. Term of Imprisonment: 30 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $1,000,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.